ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JUL 19 PM 12: 00
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| REGINALD JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 313-047 |
| ) | |
| TELFAIR STATE PRISON, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, brought the above-captioned action pursuant to 42 U.S.C. § 1983. (Doc. no. 1.) Plaintiff seeks to proceed *in forma pauperis* ("IFP") in the action. (Doc. no. 2.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), that this action be **DISMISSED**, and that Plaintiff be enjoined from seeking to proceed IFP again absent sworn allegations that he is in "imminent danger."

### I. BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought

> an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

## II. DISCUSSION

### A. Prior Filing History

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Johnson v. Yates, CV 112-1276 (N.D. Ga. Feb. 5, 2013) (failure to comply with court orders) (hereinafter "CV 112-1276"); (2) Johnson v. State of Georgia, CV 112-1534 (N.D. Ga. Aug. 9, 2012) (failure to state a claim); and (3) Johnson v. State of Georgia, CV 112-1395 (N.D. Ga. Aug. 3, 2012) (failure to comply with court orders). In fact, in CV 112-1276, the court correctly noted that Plaintiff's complaint in that case constituted "the sixth action Plaintiff has filed with the [c]ourt this year" and additionally stated that it had dismissed four of those actions for failure to comply with court orders. CV 112-1276, doc. no. 2, p. 1. Because Plaintiff filed a complaint that was

dismissed for failure to state a claim or failure to comply with court orders in each of the cases cited above, these previously dismissed cases and appeal qualify as strikes under § 1915(g).[1] Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. In fact, Plaintiff's complaint primarily concerns his alleged deprivation of access to legal services and the law library, his alleged incarceration in a cell without air conditioning, and his alleged inability to "contact and correspond with family and friends," and it makes no mention of Plaintiff being in any sort of danger for any reason. (Doc. no. 1, p. 5.) As to Plaintiff's allegation concerning the lack of air conditioning in his prison cell – the only allegation that might even *arguably* relate to a finding of imminent danger – Plaintiff simply asserts in a conclusory manner that the deprivation of air conditioning constitutes cruel and unusual punishment under the Eighth Amendment. (Id. at 7-8.) He does not, however, assert that he is in any real

---

[1] Dismissals for failure to comply with court orders fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). See Rivera, 144 F.3d at 731; see also Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

3

danger as a result of the supposed lack of air conditioning; at most, he appears to imply that he is generally uncomfortable. (Id.) As a result, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule.

### C. Dishonesty in Complaint

Moreover, the form complaint that Plaintiff used to commence this case, "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other federal lawsuits while incarcerated, (2) whether they were allowed to proceed IFP in any such lawsuits, and (3) whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Id. at 1-3.) Rather than disclose his previous filings, Plaintiff wrote in that he chose to "invoke[] his natural common law right and his 5th Amendment U.S. Constitutional right not to be compelled to answer this question." (Id. at 2.)

As noted above, Plaintiff has brought at least three other cases, one of which was dismissed for failure to state a claim, two of which were dismissed for failure to comply with court orders, and in two of which he was permitted to proceed IFP. Thus, in obstinately refusing to answer the question concerning his filing history, Plaintiff clearly acted with blatant dishonesty, which provides another basis for dismissal of this case.[2]

---

[2] Additionally, the Court is not aware of any "natural common law" or constitutional right protecting Plaintiff against disclosure of his filing history when submitting a complaint in federal court. Indeed, Plaintiff's invocation of that non-existent right constitutes nothing more than a transparent attempt to improperly conceal his lengthy filing history from the Court.

4

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for

the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Young v. Sec'y Fla. Dep't of Corrs., 380 F. App'x 939, 940-41 (11th Cir. 2011) (*per curiam*) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

## III. CONCLUSION

All told, Plaintiff has accumulated at least three strikes against him and cannot satisfy the dictates of the "imminent danger" exception of § 1915(g); thus, he fails to demonstrate that he should be excused from paying the full filing fee. Furthermore, even if Plaintiff were allowed to proceed IFP, the above-captioned case would still be subject to a recommendation of dismissal as a sanction because he has abused the judicial process by providing dishonest information about his filing history.[3]

The Court thus **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed

---

[3] The practice of dismissing a case as a sanction for providing false information about prior filing history is well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006).

5

IFP be **DENIED** (doc. no. 2), and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 19th day of July, 2013, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE